IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

RANDY FEE                                                                                         PLAINTIFF

v.                                                                                          No. 4:04CV6-D-A

CHRISTOPHER EPPS, ET AL.                                                              DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the April 11, 2005, motion by the defendants for summary judgment in this *pro se* prisoner case filed under 42 U.S.C. § 1983. The plaintiff responded to the motion May 2, 2005. The matter is ripe for review. For the reasons set forth below, the court shall grant the instant motion, and judgment shall be entered for the defendants.

## The Plaintiff's Allegations

The plaintiff alleges that the sole remaining defendant, Case Worker JoAnn Marshall, has used the new Mississippi Department of Corrections Objective Classification system to place black inmates in more favorable custody status than similarly situated white inmates. The plaintiff does not dispute his numerical score under the new system; instead, he argues that Joann Marshall uses "overrides" to place black inmates in more favorable custody and housing assignments than their white counterparts. As discussed below, however, this claim must fail for several reasons.

## Objective Classification System

Under the Objective Classification Plan, inmates are classified by the number of "points" they accumulate on a "score sheet," which lists various factors affecting custody classification, *e.g.* "History of Institutional Violence," "Severity of Current Offense," *etc.* Each blank in the form represents one of those factors, and under each factor is a range of possible responses – and

specific point values for each response. A Case Manager must review the inmate's institutional record and assign the appropriate number of points for each factor. The system is an objective one; as such, for a given inmate, the points assigned for each factor – and thus the total points – should turn out the same, no matter which Case Manager completes the form. The completed form goes to the Assistant Director of Classification of the facility to check for accuracy – and then the completed, checked, and (if necessary) corrected sheet is used to compute the offender's final score – and determine his custody classification. Should an inmate's score warrant placement in maximum custody or close confinement, the Commissioner[1] of the Mississippi Department of Corrections must approve an "override" in order for that inmate to receive an upgrade in custody. Absent such approval from the Commissioner, the inmate remains in his current status with a review possible in six months.

### The Plaintiff's Score

The plaintiff's initial score under the Objective Classification System (April 21, 2003) was forty-two, warranting placement in "D" custody. The plaintiff's second review total (May 14, 2004), was thirty-eight points, which warranted the plaintiff's continued placement in "D" custody. His most recent review yielded a score of thirty, which, on its face would warrant "D" custody, but this time the defendant JoAnn Marshall recommended placing the plaintiff in "C" custody and on a work detail. The plaintiff will be eligible for review again in July.

### Discussion

The plaintiff's claim against the sole remaining defendant must be dismissed. Defendant JoAnn Marshall does not have the power to grant or deny custody classification overrides. As

---

[1] A Deputy Commissioner serving in the capacity of the Commissioner may also approve such an upgrade.

such, the plaintiff's claim against her for granting or withholding such overrides must fail, and this case must be dismissed. In addition, the plaintiff's case fails for lack of evidence. The plaintiff presented proof that a single black inmate, Jackie Ray Patrick, had a total score of thirty-five (warranting "D" custody), but was instead placed in "B" custody after receiving an override from the Commissioner. The plaintiff points to the fact the he and Patrick had similar point totals, but Patrick remains on "B" custody. What the plaintiff has ignored, however, is that Patrick has no history of escape, while the plaintiff attempted to escape from custody in 1998. This difference alone constitutes a legitimate penological interest and thus a rational basis for differential treatment – even with similar point totals. *Johnson v. Rodriguez*, 110 F.3d 299 (5th Cir. 1997) (in claim of race discrimination, inmate must prove differential treatment based upon race – *and* that the difference in treatment is not reasonably related to a legitimate penal interest). As such, the instant motion by the defendant for summary judgment shall be granted, and the instant case shall be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 18th day of May, 2005.

/s/ Glen H. Davidson
CHIEF JUDGE